[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15186
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

Agency No. A97-939-707

YEVGENIY LEONIDOVICH ANIKIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 6, 2009)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Yevgeniy L. Anikin, a native and citizen of Russia, seeks review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Anikin argues that the IJ erred by not finding him credible because the IJ based the credibility determination on inconsistencies between Anikin's testimony and asylum application that were misunderstandings, errant, immaterial, or minor.

When the BIA issues a written decision, we review that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA expressly adopted and affirmed the IJ's decision, so we will consider the IJ's reasoning as well. *Id.*

We review adverse credibility determinations under the substantial evidence test. *D- Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817-18 (11th Cir. 2004). "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the BIA with respect to credibility findings." *Id.* at 818. "A credibility determination, like any fact finding, may not be overturned unless the record compels it." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks and citation omitted).

2

Adverse credibility determinations must be made explicitly. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287 (citation omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. *Id.* "Of course, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." *Id.* "The weaker an applicant's testimony . . . the greater the need for corroborative evidence." *Yang*, 418 F.3d at 1201. Inconsistencies in an applicant's testimony that involve "key elements of the claim," and that the applicant has failed to rebut with corroborating evidence and explanation, are enough to disqualify him for asylum. *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1369 (11th Cir. 2005).

Here, the IJ based his adverse credibility determination in large part on inconsistencies in two key elements of Anikin's claim. First, Anikin provided inconsistent details regarding how his wife was transported from the police station to the hospital. In his asylum declaration, Anikin stated that the police called an ambulance after they discovered that his wife worked for the Ministry of Interior. He specified that the ambulance arrived after three or four minutes and took her to

3

the hospital. Anikin also claimed in his asylum declaration that he was released from the police station after signing a statement stating that he had been detained by mistake and that he was not asserting any claims against the police. In contrast, in his testimony to the IJ, Anikin stated that he and his wife were released together and that he drove her to the hospital. Furthermore, when the IJ asked him about this discrepancy, Anikin was unresponsive.

Second, the IJ properly relied on the discrepancy between the date on which Anikin allegedly took his wife to the hospital and the documented date of the diagnosis of his wife's concussion. Anikin claims that the incident with the police took place in March 1996. However, the medical document that he produced to corroborate her concussion was issued on July 6, 1996. Anikin attempted to explain this inconsistency by stating that his wife needed the medical documentation to be released from work. However, since she was released from work in June 1996, his dates are simply inconsistent.

Substantial evidence supports the IJ's adverse credibility determination because Anikin's testimony was inconsistent with his asylum declaration and he failed to produce material evidence to corroborate his claims. Anikin failed to produce any corroborating evidence to explain the inconsistencies in his testimony and his asylum application. He argues that the inconsistencies were minor and explainable. However, his proffered explanations for the discrepancies between

4

his testimony and asylum application do not compel this court to overturn the IJ's decision. Anikin has not demonstrated that the IJ's credibility determination was not based on specific, cogent facts. As he has not met the burden for asylum, he has not met the more stringent burdens of proof for withholding of removal under the Immigration and Nationality Act ("INA") or for CAT relief.

Anikin also argues that the IJ improperly used REAL ID Act standards in the assessment of his credibility. He contends that because he submitted his application before the effective date of the REAL ID Act (May 11, 2005), the IJ should have used pre-Act standards to determine his eligibility.

In *D-Muhumed*, a case decided under pre-REAL ID standards, we affirmed an adverse credibility finding where the IJ "noted numerous inconsistencies between D-Muhumed's asylum application, his testimony at the hearing, and the documentary evidence." *D-Muhumed*, 388 F.3d at 819. Furthermore, in another pre-REAL ID case, we noted that "[i]ndications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam).

The IJ determined that Anikin was not credible based on inconsistencies between his testimony and asylum application. The IJ also relied on Anikin's demeanor when asked about those discrepancies. Because this decisional process

5

was consistent with the elements of pre-REAL ID law in this Circuit, Anikin's claim that the IJ improperly used REAL ID Act standards fails.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we deny Anikin's petition for review.

**PETITION DENIED.**